

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Luis A.    Nieves    Nieves | 2011 TSPR 3     3<br><br>181 DPR \_\_\_\_ |

Número del Caso: CP        - 2009 - 10

Fecha: 7 de marzo de 2011

Abogado del querellado:

     Lcdo. Osvaldo Toledo Martínez

Oficina del Procurador General:

     Lcda. Carmen A. Riera Cintrón
     Procuradora General Auxiliar

Materia: Conducta Profesional        -    La suspensión será efectiva el        14 de marzo de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a       la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis A. Nieves Nieves

CP-2009-10

*PER CURIAM*

En San Juan, Puerto Rico, a 7 de marzo de 2011.

A menos que la práctica del Derecho se atempere con una preocupación genuina de servir el bien común con una definición más profunda y abarcadora de la responsabilidad social del abogado, además de atender los intereses del cliente a quien represente, no será más que una herramienta para satisfacer intereses privados con preocupación principal en los márgenes de ganancia.

G. Figueroa Prieto, Reglamentación de la conducta profesional en Puerto Rico, pasado, presente y futuro, 68 Rev. Jur. U.P.R. 729, 801 (1999).

I

El Lcdo. Luis A. Nieves Nieves fue admitido al ejercicio de la abogacía el 7 de julio de 1992 y al del notariado el 5 de julio de 1993. Fue suspendido

de la práctica de la notaría en virtud de opinión emitida por este Tribunal el 3 de julio de 2007. In re Nieves Nieves, 171 D.P.R. 843 (2007). Los hechos que dan origen a la presente querella, surgen luego de que en su desempeño como abogado, el licenciado Nieves Nieves acordara representar a la Sra. Claribel Collazo Rosado en el caso Claribel Collazo Rosado v. Universidad de Puerto Rico, KDP 1999-1062, que se presentó en el mes de junio de 1999, al amparo de la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. sec. 146 y ss. Mediante dicha demanda, la señora Collazo Rosado exigió el resarcimiento de los supuestos daños y perjuicios ocasionados por la Universidad de Puerto Rico (U.P.R.) al no renovarle el contrato de empleo, luego de que trabajara para dicha institución por espacio de cuatro años.

El 22 de mayo de 2000, la U.P.R., por conducto de su representación legal, presentó moción de desestimación en la que adujo que por no ser de aplicación a la U.P.R. la Ley Núm. 100, supra, procedía la desestimación del pleito. La U.P.R. fundamentó su posición en que al ser ésta una corporación pública que no opera como empresa privada, queda fuera del alcance de dicha ley. Posteriormente, el 9 de junio de 2000, el Tribunal de Primera Instancia ordenó a todas las partes en el pleito que replicaran en diez días en torno a la moción de desestimación presentada.

Debido a que el licenciado Nieves Nieves no cumplió con la orden del Tribunal de Primera Instancia dentro del término señalado, la representación legal de la U.P.R. requirió al tribunal que desestimara el pleito.

Así las cosas, en la vista de seguimiento celebrada el 8 de agosto de 2000, el tribunal concedió quince días adicionales al abogado Nieves Nieves para que replicara a la moción de desestimación de la U.P.R. Pasados más de dos meses desde que se celebró la vista de seguimiento, la U.P.R. repitió su solicitud de desestimación. Igualmente, la parte demandante, representada por el licenciado Nieves Nieves, contestó unos interrogatorios que se le cursaron fuera de término. Con ello, violó la orden que en sala abierta dictó el foro primario para que los contestara dos meses antes.[1]

El 25 de octubre de 2000 se celebró la conferencia con antelación a juicio. Sin embargo, el letrado Nieves Nieves no ayudó a confeccionar el informe con antelación al juicio, no compareció a esta reunión ni excusó su incomparecencia. El tribunal emitió una minuta en la que le requirió, entre otras cosas, que mostrara justa causa por la cual no debía ser sancionado por su incomparecencia a la conferencia pautada. Además, se le

---

[1] El Tribunal de Primera Instancia concedió el 8 de agosto de 2000, cinco días para que la parte demandante, es decir, la parte que representaba el Lcdo. Nieves Nieves, contestara unos interrogatorios cursados con anticipación. Sin embargo, no fue hasta el 2 de octubre de 2000, más de dos meses después, que se cumplió con esa orden.

impuso una sanción económica de $100 a favor del Estado y una sanción adicional de $100 a favor de la otra parte. Por último, el mismo día en que no se pudo celebrar la Conferencia con Antelación al Juicio, el Tribunal de Primera Instancia emitió una orden para mostrar causa en la que concedió un término fatal de diez días para que el licenciado Nieves Nieves expresara por qué no se le debían imponer sanciones económicas adicionales a las ya impuestas.

A pesar del trámite largo y accidentado que tuvo este caso, el licenciado Nieves Nieves nunca presentó escrito alguno al Tribunal de Primera Instancia para defender los intereses de su cliente ni para cumplir con las órdenes de ese foro. En cambio, mantuvo un patrón de desdén e indiferencia que culminó en una sentencia desestimatoria de la acción, con fecha de 10 de mayo de 2001.

Por causa de este patrón de dejadez, la señora Collazo Rosado presentó una queja jurada el 24 de noviembre de 2007 en nuestra Secretaría. En ese documento, relató que nunca fue notificada del trámite procesal del caso. De igual forma, señaló que no fue informada de la desestimación de su caso hasta el año 2006.[2]

---

[2] Se desprende del expediente que la orden para mostrar causa de 25 de octubre de 2000 fue notificada directamente a la señora Collazo Rosado por mandato de la Juez, Hon. María del Carmen Gómez Córdova.

Por otro lado, la señora Collazo Rosado alegó que durante el proceso judicial, el abogado Nieves Nieves le informaba que el caso iba bien, que tenía un 95% de probabilidad de prevalecer y que la U.P.R. la reclutaría nuevamente, cosa que no sucedió. La señora Collazo Rosado indicó, además, que siempre estuvo dispuesta a negociar con la parte demandada pero el abogado no lo quiso hacer y le prohibió que ella se comunicara sobre los pormenores del caso con personas vinculadas a la U.P.R.

El licenciado Nieves Nieves contestó la queja el 25 de abril de 2008. Señaló que la razón por la cual no prosperó el caso fue porque la U.P.R. prevaleció cuando el tribunal acogió una moción de sentencia sumaria. Según el licenciado Nieves Nieves, la señora Collazo Rosado fue notificada de la moción de sentencia sumaria pero no se presentó a su oficina hasta el 2006. Adujo, por otro lado, que nunca le infundió a su cliente esperanza alguna de que iba a prevalecer en el pleito ni le prohibió negociar con la parte demandada.

La señora Collazo Rosado replicó a la contestación del querellado el 5 de septiembre de 2008. Indicó que le pagó $500 para gastos iniciales. Se reafirmó en sus alegaciones originales y en que la desestimación del caso fue por incomparecencia del querellado en más de tres ocasiones en las que fue citado por el Tribunal de Primera Instancia. Añadió que para el año 2003, cuando ya el caso estaba desestimado, el abogado le solicitó una

evaluación siquiátrica que se usaría en el caso. La señora Collazo Rosado se sometió a la evaluación siquiátrica y entregó el informe con el resultado a su abogado. Por último, informó que cuando se enteró de la desestimación, el abogado no le informó la razón por la cual el caso no prosperó y le habló de una apelación que estaría lista en treinta días.

Mediante Resolución de 4 de junio de 2009, ordenamos a la Procuradora General la presentación de la querella formal con los cargos correspondientes a fin de continuar con el procedimiento disciplinario. En la querella, se le imputó al licenciado Nieves Nieves violación de los Cánones 9, 12, 18, 19, 35 y 38 del Código Ética Profesional. 4 L.P.R.A. Ap. IX.

Al contestar la querella, el abogado Nieves Nieves, por conducto de su abogado, aceptó las infracciones a los Cánones 9, 12, 18, 19, y 38, mas no aceptó la infracción del Canon 35. Por esta razón, designamos a la Lcda. Crisanta González Seda como Comisionada Especial para que recibiera la prueba necesaria y rindiera el informe sobre los hechos en controversia.

Como consecuencia de lo anterior, la Comisionada González Seda celebró vista evidenciaría y emitió su informe en el que respondió en la negativa a la única controversia planteada, a saber, si se violó el Canon 35. Con el beneficio del Informe de la Comisionada, además de

la comparecencia de la Procuradora General y del licenciado Nieves Nieves, procedemos a resolver.

II. Infracción del Canon 9

Según establece el Preámbulo de nuestro Código de Ética Profesional, 4 L.P.R.A. Ap. IX, "es de primordial importancia instituir y mantener un orden jurídico íntegro y eficaz, que goce de la completa confianza y apoyo de la ciudadanía"..., por lo que "la consecución de estos fines le impone a los miembros de la profesión jurídica, sobre quienes recae principalmente la misión de administrar la justicia y de interpretar y aplicar las leyes, el deber de desempeñar su alto ministerio con la mayor y más excelsa competencia, responsabilidad e integridad".

El Canon 9 del Código de Ética Profesional obliga al abogado a cumplir con su deber de atender pronta y diligentemente las órdenes del tribunal. Ordena, de igual forma, comparecer a los señalamientos notificados por el tribunal. Esto es corolario del respeto profundo que deben tener los abogados hacia el foro judicial. In Re Otero Fernández, 145 D.P.R. 582 (1998).

El deber que nace al palio de este Canon 9 se extiende a todos los tribunales. En efecto, mencionamos lo siguiente en In re: Roldós Matos, Maldonado Avilés, Cortés Soto y Lloréns Valedón, 161 D.P.R. 373, 383 (2004) (citas omitidas):

Aunque el deber de respeto para con los tribunales que recoge el Canon 9 lo hemos

utilizado mayormente para sancionar la inatención de los abogados a requerimientos de este Tribunal dentro de procedimientos disciplinarios, de igual forma, este postulado ético incluye indubitadamente el deber de todo profesional del derecho de atender con igual diligencia y seriedad las órdenes del Tribunal de Primera Instancia y del Tribunal de Apelaciones.

De igual forma, hemos reiterado en innumerables ocasiones que "la desatención a las órdenes emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos, en directa violación al deber de la conducta exigida por el referido Canon [9]". Id., citando el texto no publicado de In re Quevedo Cordero, 147 D.P.R. Ap. (1999).

Un análisis del trámite procesal del caso que propició esta querella revela que el Lcdo. Luis Nieves Nieves hizo caso omiso a varias órdenes del Tribunal de Primera Instancia que le requerían replicar a la moción de desestimación presentada por la U.P.R. Asimismo, el letrado Nieves Nieves no compareció a la vista de conferencia con antelación al juicio ni confeccionó el informe correspondiente, lo que ocasionó la suspensión de la vista. Incluso, el Tribunal de Primera Instancia le impuso sanciones económicas al abogado por no cumplir con los términos. Ese cúmulo de inercia ocasionó la desestimación de la demanda, lo que ocurrió como sanción por la falta de cumplimiento con las órdenes del tribunal. En definitiva, como confiesa el propio querellado, su actuación infringió el Canon 9.

III. Infracción del Canon 12

El Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, impone al abogado el deber de tramitar las causas con puntualidad y diligencia. In re Vélez Lugo, 168 D.P.R. 492, 496 (2006). Asimismo, impone a los abogados la obligación de ser responsables en la tramitación de los casos que le son encomendados, para evitar entorpecer su resolución. In re López Montalvo, 173 D.P.R. 193 (2008).

Este Canon dispone:

Canon 12. Puntualidad y tramitación de las causas

Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos, ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. **Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.** Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente. (énfasis suplido)

El abogado debe cumplir con la obligación que se establece en el Canon 12 en todas las etapas de un litigio. In re Collazo I, 159 D.P.R. 141 (2003); In re Pagán Hernández, 141 D.P.R. 113 (1996). Conforme con lo anterior, se ha enfatizado que los abogados deben la más estricta observancia a las órdenes judiciales. De otro modo, pueden quedar sujetos al rigor disciplinario. In re Collazo I, supra, pág. 141.

La continua desobediencia de las órdenes del tribunal demuestra una grave infracción a los principios básicos de ética profesional que exigen el mayor respeto hacia los tribunales. In re Collazo I, supra, pág. 149. El comportamiento de todo abogado "no debe ser otro que el fiel cumplimiento de la ley y el respeto al poder judicial". In re Díaz Alonso Jr., 115 D.P.R. 755, 162 (1984). La incomparecencia injustificada a las vistas señaladas por el tribunal, que ocasionen la suspensión y peor aún, la desestimación de la acción judicial, son violaciones patentes del Canon 12. In re López Montalvo, supra; In re Rosado Nieves, 159 D.P.R. 746 (2003).

La falta de diligencia del licenciado Nieves Nieves en la tramitación del caso, se vio manifestada al no oponerse a una moción de desestimación, al no comparecer a una vista, y por último, al incurrir en dilaciones indebidas, motivadas por el incumplimiento con varias órdenes emitidas por el Tribunal de Primera Instancia. Al así actuar, como también admite el propio querellado, incurrió en violación del Canon 12, supra.

IV. Infracción del Canon 18

El Canon 18, 4 L.P.R.A. Ap. IX, establece:

Canon 18. Competencia del abogado y consejo al cliente

Será impropio de un abogado asumir una representación profesional cuando está (sic) consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

> **Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.**
>
> ...........................(énfasis suplido)

Más aun,

> "[e]l Canon 18 del Código de Ética Profesional, ante, exige a todo abogado el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando de aquella forma que la profesión jurídica en general estima adecuada y responsable. Así el abogado debe emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez". In re Cuevas Velázquez, 174 D.P.R. 433, 442 (2008).

"Así también hemos sostenido, sin ambages, que aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso, se configura violatoria del citado Canon 18." In re Pujol Thompson, 171 D.P.R. 683, 689 (2007). "Y así debe ser pues el deber de diligencia profesional del abogado es del todo incompatible con la desidia, despreocupación y displicencia." Id.

Cuando se infringe el Canon 18, "el perjuicio directo lo padece la propia parte negligente no logrando la concreción de lo pretendido." R.L. Vigo, Ética del abogado: Conducta procesal indebida, 2da ed., Buenos Aires, Lexis Nexis Abeledo-Perrot, 2003, pág. 103. Es decir, se afectan los intereses del cliente que el abogado negligente intenta defender. Es por esto que "[l]a ética profesional... exige al abogado que conozca

las normas jurídicas y actúe en consecuencia, y en la medida en que nos encontremos con una capacitación inadecuada o con una atención indebida a la causa encomendada, estaremos frente a una falta a aquella ética" Id.

Por otro lado, la diligencia "implica que el [abogado] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia" S. Steidel Figueroa, Ética y Responsabilidad del Abogado, Pub. J.T.S, 2010, pág. 179. En otras ocasiones hemos discutido situaciones prácticas que plantean una violación al deber de diligencia que impone el Canon 18. Entre éstas, cabe destacar las siguientes:

(1) no comparecer a los señalamientos del tribunal;

(2) no contestar los interrogatorios sometidos;

(3) no informar a las partes sobre la presentación de un perito;

(4) desatender o abandonar el caso;

(5) permitir que expire el término prescriptivo o jurisdiccional de una acción;

(6) cualquier tipo de actuación negligente que pueda conllevar o, en efecto, resulte en la desestimación o archivo del caso. In re Vilches López, 170 D.P.R. 793, 798 (2007).

El licenciado Nieves Nieves, al representar a la

señora Collazo Rosado, tenía el deber insoslayable de proteger los intereses de ésta y desempeñarse a la altura que requiere la profesión legal. La desatención del letrado querellado a las múltiples órdenes que emitió el Tribunal de Primera Instancia, su incomparecencia al señalamiento de vista sobre conferencia con antelación al juicio y no preparar el informe relacionado, además de no oponerse a una moción de desestimación de la acción de su representada, la señora Collazo Rosado, constituye una violación del Canon 18 del Código de Ética Profesional, como acepta cándidamente el licenciado Nieves Nieves.

V. Infracción del Canon 19

El Canon 19 de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone a todo abogado el deber de mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. Esto significa que todo abogado está obligado a informar a sus clientes sobre las gestiones realizadas para la tramitación de la causa de acción para la que fue contratado. In re García Ortiz, Op. de 10 de junio de 2009, 2009 T.S.P.R. 110, 2009 J.T.S. 113, 176 D.P.R. __ (2009). El deber de informar al cliente es un elemento imprescindible de la relación fiduciaria del abogado y el cliente. Por eso, la actuación de un abogado de mantener ajeno a su cliente de las incidencias de su caso constituye una lesión al Canon 19 del Código de Ética Profesional, supra, y al proceso general de

impartir justicia. In re Rosario, 116 D.P.R. 642 (1985);

In re Cardona Vázquez, 108 D.P.R. 6 (1978).

El abogado que acepta un caso y no demuestra la competencia y diligencia que exige el ejercicio de la abogacía, y que no mantiene al cliente informado de todo asunto importante que surja en el desarrollo del caso, incurre en violación de lo dispuesto tanto en el Canon 18 como en el Canon 19. In re Rosario, supra.

Al auscultar el Derecho comparado, notamos que la Regla 1.4 de las de Conducta Profesional de la American Bar Association, impone al profesional del Derecho, al igual que nuestro Código de Ética Profesional, la tarea de mantener al cliente informado del estatus del caso.[3]

---

[3] La regla en su totalidad reza de la siguiente forma:

*"**Client-Lawyer Relationship**
**Rule 1.4 Communication***

*(a) A lawyer shall:*

>    *(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;*

>    *(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;*

>    *(3) keep the client reasonably informed about the status of the matter;*

>    *(4) promptly comply with reasonable requests for information; and*

>    *(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not*

(continúa...)

Center for Professional Responsibility, <u>Model Rules of Professional Conduct</u>, 2009 ed., A.B.A., págs. 17-18. De esta forma, al mantener comunicación constante y regular con el cliente, se minimizan las ocasiones en que éste tiene que recurrir al abogado a buscar información sobre su caso. <u>Id.</u>, pág. 18.

Hemos expresado, además, que un abogado no solo debe representar a su cliente con fidelidad, lealtad y diligencia, sino que debe mantenerlo informado de todo asunto importante que surja en el desarrollo del caso cuya atención le ha sido encomendada. <u>In re Cardona Vázquez</u>, <u>supra</u>, págs. 17-18. Es por eso que la comunicación con el cliente sobre fases importantes de los asuntos que atiende el abogado debe ser directa y efectiva. <u>In re Maduro Classen</u>, 137 D.P.R. 426 (1994).

Resulta menester aclarar que el Canon 19 impone el deber de comunicación al **abogado** y no al cliente. Es decir, el abogado que no informa al cliente los asuntos importantes del caso no evade su responsabilidad por el hecho de que el cliente se tornó inaccesible. En ese caso es necesario que el abogado indique las gestiones que realizó para comunicarse con su cliente.

---

*permitted by the Rules of Professional Conduct or other law.*

*(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation".*

El letrado querellado admitió que le informó a la señora Collazo Rosado en el 2006 de la sentencia emitida en el 2001. Es decir, le informó a la cliente que su caso había sido desestimado cuatro años después de que se dictó sentencia. De la respuesta a la querella presentada por el Lcdo. Nieves Nieves se puede colegir que éste insinúa que no tuvo contacto con la cliente desde que la acción se desestimó. No obstante, el letrado no indicó qué gestión, si alguna, realizó para notificar a su cliente el resultado adverso del pleito. En cambio, la señora Collazo Rosado afirmó reiteradamente que existía comunicación frecuente entre ella y el letrado. Sin embargo, no fue hasta el 2006 que se le informó de la desestimación del caso, lo que aceptó el licenciado Nieves Nieves y lo que sin duda, constituye violación del Canon 19.

## VI. Infracción del Canon 35

El Canon 35 de Ética Profesional, 4 L.P.R.A. Ap. IX, establece en lo pertinente, que la conducta de cualquier miembro de la profesión legal ante los tribunales, hacia sus representados y en las relaciones con sus compañeros debe ser sincera y honrada. Allí se dispone que no es sincero ni honrado utilizar medios que sean inconsecuentes con la verdad y que no se debe inducir al juzgador a error mediante la utilización de artificios o de una falsa relación de hechos o del Derecho. In re

*Zapata Torres*, Op. de 24 de septiembre de 2009, 2009 T.S.P.R. 146, 2009 J.T.S. 149, 176 D.P.R. __, (2009).

Hemos enfatizado que todo miembro de la profesión legal debe cumplir con los deberes de sinceridad, exaltación del honor y la dignidad de la profesión. En virtud de ello, el abogado que provee al tribunal información falsa o que no se ajuste a la verdad, o que oculte información que deba ser revelada, incumple con este canon. No es defensa, en estos casos, que no se haya obrado de mala fe o deliberadamente, ni con intención de engañar, como tampoco lo es que no se le haya causado daño a un tercero. *In re Astacio Caraballo*, 149 D.P.R. 790, 799 (2000).

Como se desprende del primer párrafo del Canon 35, la conducta de sinceridad y honradez que debe desplegar todo abogado en su desempeño es exigible en todo momento y ante todos. En otras palabras, estas normas mínimas son exigibles frente a todos, clientes, compañeros abogados y ante los tribunales. Todo el entramado de nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante los foros judiciales. *In re Irrizary Vega*, Op. de 6 de julio de 2009, 2009 T.S.P.R. 132, 2009 J.T.S 135, 176 D.P.R. __, (2009).

La infracción del Canon 35 fue el único cargo que no aceptó el licenciado Nieves Nieves. Señaló que al momento

de contestar la queja no tenía el expediente del caso consigo y no recordaba la naturaleza de la moción, aunque sí sabía que el caso fue desestimado. Indicó, además, que por esa razón utilizó un término incorrecto al referirse a la moción de desestimación, pero que se trató de un error de buena fe.

De igual modo, la Comisionada Especial señaló que aunque el licenciado Nieves Nieves no se ajustó a la verdad en su contestación a la queja, no hubo intención específica de mentir. A renglón seguido, añadió que no se presentó prueba clara robusta y convincente para disciplinar al abogado. No estamos de acuerdo con la apreciación de la Comisionada Especial. Concluimos que el querellado efectivamente incurrió en violación del Canon 35.

Resulta menester, para fines de este análisis, diferenciar el grado de prueba requerido en acciones disciplinarias contra abogados, del elemento subjetivo requerido para que se configure una infracción del Código de Ética Profesional. En In re Caratini Alvarado, 153 D.P.R. 575, 584 (2001), resolvimos que el grado de prueba requerido para disciplinar a un abogado es el de prueba clara, robusta y convincente. Esto obedece a que "[e]n casos disciplinarios contra miembros del foro está en controversia *el derecho de éstos a ganarse el sustento como abogados."* Id., pág. 585 (énfasis en el original).

Por otro lado, es inmaterial si se obró de mala fe o deliberadamente, o con intención de engañar. Lo fundamental para que se configure una infracción al Canon 35 es que se falte a los valores de honradez y veracidad, pilares de la profesión legal.

En su contestación, el licenciado Nieves Nieves informó que la acción de la señora Collazo Rosado no prosperó por razón de una moción de sentencia sumaria de la U.P.R. La realidad es que no prosperó debido a una moción de desestimación que se declaró con lugar. La comisionada imputa ese error a un desliz de buena fe. No estamos de acuerdo con el criterio de la comisionada especial.

Una lectura objetiva de la contestación del querellado denota un intento del licenciado Nieves Nieves de zafarse de la querella mediante la táctica de argumentar que el caso no prosperó por razón de una moción de sentencia sumaria y no por razón de una moción de desestimación a la cual no se opuso cuando debió hacerlo. De hecho, el licenciado Nieves Nieves expuso en su contestación a la queja inicial que "[c]uando un abogado comparece a representar a un cliente, si tiene éxito es felicitado. Si fracasa en su empeño, presentan **querellas frívolas** como éste." (énfasis suplido) La aseveración antes citada, demuestra que el error del letrado Nieves Nieves no fue de buena fe y que en cambio, lo que buscaba era presentar un panorama incorrecto sobre

el asunto en cuestión, con el propósito de no enfrentar la queja. Es decir, el licenciado Nieves Nieves adujo que la razón para la desestimación del pleito fue que el caso se resolvió en los méritos. No obstante, los hechos revelan que se desestimó por la negligencia del licenciado Nieves Nieves en el manejo del caso y que el tribunal nunca entró a resolver los méritos de la acción.

De igual forma, en la contestación a la querella inicial de la señora Collazo Rosado, el licenciado Nieves Nieves no aceptó las imputaciones que ésta señaló, y no fue hasta que se presentó la querella formal por la Procuradora General, que el abogado aceptó la infracción de los Cánones 9, 12, 18, 19, y 38 del Código de Ética Profesional.

En suma, de la prueba que obra en el expediente y la cual se ha discutido, se desprende que el letrado no mencionó en su contestación a la querella que nunca presentó escrito en oposición a la moción de desestimación, a pesar de que el tribunal se lo requirió. Tampoco señaló que incumplió con varias órdenes del tribunal. Igualmente, adujo que la razón por la cual el caso no prosperó fue en los méritos, por una moción de sentencia sumaria, cuando la realidad es que el caso no prosperó por una moción de desestimación a la cual el abogado nunca se opuso en representación de su cliente. Al así actuar, el abogado Nieves Nieves faltó al deber de sinceridad y honradez que le impone el Canon 35.

VII. Infracción del Canon 38

El Canon 38, 4 L.P.R.A., Ap. IX, esboza lo siguiente:

Canon 38. Preservación del honor y dignidad de la profesión

El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. **En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia....**

Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. En observancia de tal conducta, el abogado debe abstenerse en absoluto de aconsejar y asesorar a sus clientes en otra forma que no sea el fiel cumplimiento de la ley y el respeto al poder judicial y a los organismos administrativos....

...................... (énfasis suplido).

La responsabilidad moral y ética que rige nuestra profesión obliga a todo abogado a examinar su comportamiento continuamente. In re Rodríguez Vázquez, Op. de 16 de junio de 2009, 2009 T.S.P.R. 109, 2009 J.T.S. 112, 176 D.P.R. ___, (2009). En ese contexto, hemos insistido en que los abogados son el espejo donde se refleja la imagen de la profesión. Por tal razón, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. In re Cuyar Férnandez, 163 D.P.R. 113, 117 (2004). De la misma forma,

> [e]n innumerables ocasiones, hemos señalado que los abogados y abogadas son funcionarios del Tribunal y ministros ordenados de la justicia y, como tales, sus actuaciones deben estar encaminadas a mantener un orden jurídico íntegro y eficaz, " 'orientado esencialmente por los principios de vida democrática y de respeto a la inviolable dignidad del ser humano'". Id.

Surge del los autos del caso que el abogado Nieves Nieves nunca contestó la moción de desestimación que presentó la parte demandada. Además, contestó el descubrimiento de prueba que le fue notificado por la parte demandada fuera del término que estableció el Tribunal de Primera Instancia, a pesar de que se emitieron varias órdenes al respecto. Es necesario puntualizar que el licenciado no compareció ante la vista con antelación al juicio y faltó a su deber de reunirse con la parte contraria para confeccionar el informe de conferencia con antelación al juicio.

Todo este conjunto de incompetencia desembocó en la desestimación, con perjuicio, de la demandada en el caso Claribel Collazo Rosado v. Universidad de Puerto Rico, KDP 1999-1062. El desempeño demostrado por el letrado querellado manifiesta falta de responsabilidad y conducta impropia de su parte. La actuación antes descrita en nada promueve la sana administración de la justicia, propósito de umbral del Canon 38. Es por esto que el propio licenciado Nieves Nieves acepta que infringió el Canon 38.

VIII

Resta ahora determinar la sanción que debemos imponer al querellado. Para imponer una sanción disciplinaria a un abogado por conducta impropia, es necesario considerar el historial previo del abogado; si éste goza de buena reputación; la aceptación de la falta y su sincero arrepentimiento; si su conducta se realizó con ánimo de lucro; y cualquier otro factor pertinente a los hechos. In re Rodríguez Lugo, Op. de 27 de mayo de 2009, 2009 T.S.P.R. 87, 2009 J.T.S. 90, 176 D.P.R. ___ (2009); In re Díaz Ortiz, 150 D.P.R. 418 (2000); In re Arroyo Rivera, 148 D.P.R. 354 (1999).

En In re De León Rodríguez, 173 D.P.R. 80 (2008), disciplinamos a un abogado que hizo caso omiso, por meses, a las órdenes del foro de primera instancia. Las órdenes del Tribunal de Primera Instancia le requerían que replicara una moción presentada por la otra parte que aducía emplazamiento defectuoso. Una vez compareció ante el foro de instancia, el letrado no evidenció el diligenciamiento del emplazamiento. Esto produjo que el foro primario desestimara la acción. Esta actuación demostró que el abogado le faltó el respeto al tribunal, principio jurídico que protege el Canon 9. Además, el letrado se desentendió completamente del trámite del caso y no atendió con diligencia y puntualidad su caso, lo que contraviene el Canon 12. Por esta actuación suspendimos

al letrado De León Rodríguez por el término de **seis meses**.

Recientemente, en In re Santos Rivera, Op. de 12 de diciembre de 2007, 2008 T.S.P.R. 12, 2008 J.T.S. 33, 172 D.P.R. ___ (2007), suspendimos por **un mes** a un abogado que no fue diligente en la representación de un caso de un cliente, retuvo indebidamente el expediente del litigio después de presentar su renuncia al tribunal correspondiente y además, incumplió con el deber de todo abogado de brindar su dirección actualizada a nuestra Secretaría. Todo ello fue una clara violación del Canon 18.

Por otro lado, en In re Hernández Pérez I, 169 D.P.R. 91 (2006), disciplinamos a un abogado por no mantener informados a sus clientes de la desestimación de su caso, lo que ocasionó que éstos fueran demandados y recayera sentencia en su contra. En aquella ocasión, concluimos que el señor Hernández Pérez violó los Cánones 18, 19, 23 y 24, por lo que lo suspendimos del ejercicio de la abogacía por el término de **un año**.

Posteriormente en In re Zapata Torres, supra, un abogado incurrió en conducta que violentaba el Canon 35, al proveer información falsa al tribunal sobre el emplazamiento por edicto de la parte demandada. En aquella ocasión señalamos que la

> información que el querellado le ofreció al tribunal de instancia de que había notificado el edicto y la demanda a la parte demandada sin acreditarlo como exige la regla y la no

disponibilidad de dicha evidencia cuando el tribunal así lo solicitó, para luego someter evidencia de una notificación tardía, son actuaciones que faltan a los deberes que impone el Canon 35 de Ética Profesional.

In re Zapata Torres, id., pág. 17 (énfasis suplido).

Además de violar el Canon 35, encontramos que el abogado querellado quebrantó los Cánones 12 y 18. Por esta actuación, lo suspendimos por el término de **dos meses**.

Finalmente, en In re Gordon Meléndez, 171 D.P.R. 210 (2007), suspendimos por el término de **dos meses** al abogado querellado, por violar el Canon 38. Mientras estaba suspendido de la abogacía, el letrado disciplinado actuó de manera tal que creó en la ciudadanía la impresión de que podía ejercer la profesión. Por entender que esa gestión del abogado constituía apariencia de conducta impropia, ejercimos nuestra facultad disciplinaria, en aras de preservar el honor y dignidad de esta profesión.

En el caso que ahora nos ocupa se encuentran presentes ciertos atenuantes que conviene señalar. En primera instancia, el abogado aceptó la mayoría de las infracciones éticas. Únicamente cuestionó una. Hemos señalado que la aceptación de la falta constituye un atenuante a considerar, a la hora de sancionar a un abogado. In re Vilches López, 170 D.P.R. 793, 801 (2007).

Aunque el querellado señala en su contestación a la querella que el incidente es uno aislado, la realidad es

que en una ocasión anterior este Tribunal disciplinó al letrado Nieves Nieves por su conducta como notario. Véase, In re Nieves Nieves, supra. Separamos indefinidamente al abogado Nieves Nieves de la práctica de la notaría por crasos errores en su obra notarial. Esto es un agravante que debemos tomar en consideración.

Si analizamos los hechos de la querella, en unión a los hechos relatados en In re Nieves Nieves, supra, resulta forzoso concluir que el licenciado Nieves Nieves refleja un patrón de incompetencia para practicar tanto la notaría como la abogacía.

Por otro lado, la señora Collazo Rosado y su esposo, el señor Rivera Díaz, suscribieron un acuerdo de transacción de responsabilidad civil bajo juramento, mediante el cual recibieron la cantidad de $15,000 de parte del letrado Nieves Nieves, por los daños y perjuicios que éste pudo haber causado en su desempeño negligente. De este acuerdo se puede colegir que el abogado querellado indemnizó a su cliente, lo que constituye otro atenuante. In re Sepúlveda Girón, 155 D.P.R. 345, 363 (2001).

Considerado todo lo anterior, ordenamos la suspensión inmediata del Lcdo. Luis Nieves Nieves de la práctica de la profesión por el término de **un año**. El querellado tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a éstos los expedientes

de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Luis A. Nieves Nieves

                         CP-2009-10




                          *SENTENCIA*

En San Juan, Puerto Rico, a 7 de marzo de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la suspensión inmediata del Lcdo. Luis Nieves Nieves de la práctica de la profesión por el término de **un año**. El querellado tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a éstos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión y Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre sin opinión escrita. El Juez Presidente señor Hernández Denton no intervino. La Jueza Asociada señora Pabón Charneco le impondría seis meses de suspensión.


                    Aida I. Oquendo Graulau
                    Secretaria Tribunal Supremo