

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2011 TSPR 191 |
|---|---|
| Jesús Faisel Iglesias García | 183 DPR ____ |

Número del Caso: CP-2010-9

Fecha: 2 de diciembre de 2011

Abogado de la Parte Peticionaria:

        Por Derecho Propio

Oficina del Procurador General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

Materia: Conducta Profesional- La suspensión será efectiva el 14 de diciembre de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jesús Faisel Iglesias García

CP-2010-9

*PER CURIAM*

San Juan, Puerto Rico, a 2 de diciembre de 2011.

I

El Lcdo. Jesús Faisel Iglesias García (licenciado Iglesias García) fue admitido al ejercicio de la abogacía el 27 de junio de 2000 y prestó juramento como notario el 8 de enero de 2003. El 18 de junio de 2010 la Procuradora General presentó una Querella sobre conducta profesional contra este.

La Querella surge tras el procedimiento judicial en *Pueblo de Puerto Rico v. Eliezer Santana Báez*, Crim. Núms. KVI2004G0081 y

KLA2004G0600, ante el Tribunal de Primera Instancia, Sala de San Juan, del que el Sr. Eliezer Santana Báez (señor Santana Báez) fue hallado culpable de asesinato y otros delitos graves. El 28 de enero de 2008, este presentó una Queja contra el licenciado Iglesias García. Alegó que el licenciado Iglesias García fue su abogado de oficio junto al Lcdo. Arturo Dávila Toro. A pesar de ser su abogado de oficio, arguyó que le solicitó diez mil dólares ($10,000) para representarlo en apelación. Indicó que le pidió un adelanto de cuatro mil dólares ($4,000) para la transcripción del caso y su evaluación. Además, señaló que durante el juicio, el licenciado Iglesias García tomaba anotaciones que no se relacionaban con el proceso sino con la publicación de un libro.

En su Contestación a la Queja el licenciado Iglesias García expresó que no fue abogado de oficio designado para el caso por el Tribunal ni contratado por el señor Santana Báez; que no recibió dinero de este ni de sus familiares; que sólo asistió al licenciado Dávila Toro, y que en determinados actos formales - tales como la lectura de acusación y Sentencia - lo sustituyó. Además, negó que se dedicara a escribir una novela durante el juicio.

El expediente fue entonces remitido a la Procuradora General para investigación e Informe. Este fue emitido el 18 de noviembre de 2008. La Procuradora General reconoce en el Informe que la Sentencia emitida el 13 de diciembre

de 2004 en *Pueblo de Puerto Rico v. Eliezer Santana Báez*, supra, indica que el licenciado Iglesias García compareció en sustitución del licenciado Dávila Toro. No obstante, en múltiples Minutas del Tribunal de Primera Instancia se refleja que el licenciado Iglesias García fue abogado de oficio del señor Santana Báez.  Por lo tanto, concluye del examen de los documentos judiciales que el licenciado Iglesias García fue abogado del señor Santana Báez en los casos criminales y que sería impropio para un abogado de oficio solicitar dinero como honorarios o para cubrir los gastos de presentación en una apelación de acuerdo con la Regla 24 del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, 4 L.P.R.A. Ap. XXVIII, así como los Cánones 35 y 39 de Ética Profesional, 4 L.P.R.A. Ap. IX.

Luego de examinar la contestación del licenciado Iglesias García al Informe, instruimos a la Procuradora General a radicar la Querella correspondiente conforme lo señalado en su Informe. De esta forma el 18 de junio de 2010, la Procuradora General presentó una Querella sobre conducta profesional contra el licenciado Iglesias García por violaciones a los Cánones 35 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX.

La Querella le imputa al licenciado Iglesias García haber violado el Canon 35 de Ética Profesional, *supra*, por no ser exacto, correcto y sincero en sus alegaciones dentro

del proceso de investigación, así como el Canon 38 de Ética Profesional, *supra*, por incurrir en conducta o apariencia de conducta impropia dentro del trámite realizado como parte de la investigación.

El licenciado Iglesias García presentó su contestación a las alegaciones expuestas en la Querella y reiteró sus expresiones previas.

Así las cosas, el 9 de marzo de 2011 designamos al Hon. German Brau como Comisionado Especial. Luego de la celebración de una vista evidenciaria el 14 de junio de 2011, el Comisionado Especial rindió su Informe.

Entre las determinaciones de hecho, el Comisionado Especial nos señala que el tribunal designó al Lcdo. Arturo Dávila Toro como abogado de oficio para evitar el archivo de los cargos por violación a los términos de juicio rápido. Esto tras un patrón en el que el señor Santana Báez solicitaba la renuncia de los abogados que contrataba. Dada la complejidad del caso, el licenciado Dávila Toro le pidió al licenciado Iglesias García que lo asistiera. Así las cosas, el récord refleja que en distintos momentos este compareció ante el Tribunal asumiendo la representación del acusado conjuntamente con el licenciado Dávila Toro. No obstante, tuvo una participación secundaria en los procedimientos.

Además, el Comisionado Especial dio credibilidad al testimonio del licenciado Iglesias García en cuanto a que

no solicitó un pago de diez mil dólares ($10,000) para representar al señor Santana Báez en apelación, así como a que nunca contrató con este ni interactuaron significativamente.[1] Sin embargo, durante la investigación ordenada por este Tribunal el licenciado Iglesias García representó que no había sido abogado del señor Santana Báez en el proceso, y reafirmó esta expresión en un escrito posterior y en su comparecencia ante el Comisionado Especial. Por ello, se le imputan los cargos de la Querella.

En cuanto a los cargos por violación a los Cánones 35 y 38 de Ética Profesional, *supra*, el Comisionado Especial concluyó que surge del récord que el licenciado Iglesias García se identificó como abogado del señor Santana Báez ante el Tribunal de Primera Instancia. Por lo tanto, quedó sujeto al descargo de todas las obligaciones éticas y legales que impone nuestro ordenamiento al abogado de una parte. No obstante, concluye que su conducta respondió a un error de interpretación y no a una violación ética deliberada para encubrir su conducta. Esto, pues, el licenciado Iglesias García entendió que no recibió una designación del tribunal para actuar como abogado de oficio y su función se limitó a asistir gratuitamente al

---

[1] De igual forma, el Informe del Comisionado Especial nos indica que la Oficina de la Procuradora General rechazó que este hubiera solicitado un pago de diez mil dólares ($10,000) para representar al señor Santana Báez en apelación.

licenciado Dávila Toro. Ante este error y por no haber sido disciplinado previamente, así como por estar asistiendo al Tribunal sin remuneración alguna, recomienda que no se sancione por ninguno de los dos (2) cargos presentados.[2]

Posteriormente, en su *Escrito en Reacción al Informe del Comisionado Especial*, la Procuradora General señala que la conducta del licenciado Iglesias García sostiene las imputaciones éticas, pues "con sus expresiones superficiales y evasivas, obstaculizó y retrasó el trámite y evaluación de la referida queja". Añade que su conducta no puede ser excusada por una alegada mala interpretación u error de juicio de su parte.

Contando con el beneficio del Informe del Comisionado Especial y de la Procuradora General, así como las contestaciones del licenciado Iglesias García, procedemos a analizar las normas aplicables.

II

El Canon 38 de Ética Profesional, supra, dispone que el abogado o la abogada debe "esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión … y debe evitar hasta la apariencia de conducta

---

[2] La Procuradora General cuestiona la determinación del Comisionado Especial en cuanto a que el Lcdo. Jesús Faisel Iglesias García lleva treinta y dos (32) años en la profesión sin haber sido sancionado por motivos éticos, cuando este fue admitido como abogado en esta jurisdicción en el año 2000. No obstante, el Comisionado Especial tomó en consideración la totalidad de la vida profesional del licenciado Iglesias García. Dado que la determinación está sostenida en el expediente y por no demostrarse pasión, prejuicio, parcialidad o error manifiesto en su apreciación, no intervendremos con ella. Véanse *In re Curras Ortiz*, 174 D.P.R. 502 (2008); *In re Rodríguez Feliciano*, 165 D.P.R. 565 (2005).

profesional impropia". Esto, pues, toda conducta contraria a las pautas éticas pone en entredicho las valiosas ejecutorias y beneficios a los cuales los profesionales del derecho han contribuido históricamente. *In re Curras Ortiz*, 174 D.P.R. 502 (2008).

Asimismo, el Canon 35 de Ética Profesional, *supra*, establece, en lo pertinente que:

> La conducta de cualquier miembro de la profesión legal ante los tribunales para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.

> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho.

Al respecto, reiteradamente hemos expresado que la conducta de un abogado o abogada debe ser sincera y honrada frente a todos y ante todo tipo de acto. *In re Pons Fontana*, res. el 23 de junio de 2011, 182 D.P.R.__ (2011), 2011 T.S.P.R. 108, 2011 J.T.S. 113; *In re Collazo Sánchez*, 159 D.P.R. 769 (2003). En esencia, se infringe este deber por el simple hecho de faltar a la verdad, independientemente de los motivos de la falsedad, pues no es necesario que se haya faltado a la verdad deliberadamente o con la intención de defraudar o engañar. *In re Nieves Nieves*, res. el 7 de marzo de 2011, 181 D.P.R. __ (2011), 2011 TSPR 33, 2011 J.T.S. 38 ; *In re Curras Ortiz*, supra. *In re Astacio Caraballo*, 149 D.P.R. 790 (2000). Sin embargo, estas circunstancias pesan en nuestro

ánimo al determinar la sanción disciplinaria que se impondrá al abogado.

Asimismo, el Canon 35 aplica también al proceso investigativo dentro del proceso disciplinario, pues como hemos expresado este se infringe tanto al negarse a cumplir los requerimientos de este Tribunal como los del Procurador General para impedir que se descubra la magnitud de los desvíos éticos. Íd.

Con estos preceptos en mente, examinemos la controversia ante nuestra consideración.

### III

En primer lugar, debemos señalar que este Tribunal examina solamente la conducta del licenciado Iglesias García durante el procedimiento de investigación disciplinaria, pues adoptamos las determinaciones de hecho presentadas por el Comisionado Especial. Estas merecen nuestra mayor deferencia. *In re Rodríguez Feliciano*, 165 D.P.R. 565, 579 (2005).

No obstante, cabe señalar que "una vez el abogado comparece ante un tribunal en representación de una parte, no puede dejar de descargar su responsabilidad con la debida diligencia, independientemente de la razón por la cual la asumió". *In re Siverio Orta*, 117 D.P.R. 14, 17 (1986). Esto sin importar la falta de Contrato y de pago de honorarios por el representado, o de haber comparecido para ayudar a un compañero. Íd. Por lo tanto, el

licenciado Iglesias García fue representante del señor Santana Báez ante el tribunal aunque entendiera lo contrario.

Dicho esto, el primer cargo de la Querella le imputa al licenciado Iglesias García haber violado el Canon 35 de Ética Profesional, *supra*, por no ser exacto, correcto y sincero en sus alegaciones dentro del proceso de investigación. En cuanto al segundo cargo, se le imputa incurrir en conducta o apariencia de conducta impropia dentro del trámite realizado como parte de la investigación en violación al Canon 38 de Ética Profesional, *supra*.

El Comisionado Especial determinó que el licenciado Iglesias García representó ante el Tribunal como abogado del quejoso y quedó sujeto a todas las obligaciones éticas y legales que ello conllevaba. No obstante, entendió que la información incorrecta que ofreció a la Procuradora General respondió a una interpretación errada y no deliberada común entre los miembros del foro criminal de nuestro país. Por ello concluyó que el licenciado Iglesias García no incurrió en una violación deliberada de los Cánones 35 y 38, y recomienda que no se le sancione.

De conformidad con las normas aplicables resolvemos que el licenciado Iglesias García incurrió en violaciones a los Cánones 35 y 38 de Ética Profesional, pues basta el hecho de faltar a la verdad – sin intención alguna – en el proceso investigativo dentro del proceso disciplinario. En

este caso el licenciado Iglesias García faltó a la verdad por desconocimiento de que ante el tribunal y para con el cliente, fue abogado del señor Santana Báez.

No obstante, entendemos adecuado amonestar al licenciado Iglesias García. Esto ante la credibilidad que le mereció al Comisionado Especial el testimonio del licenciado Iglesias García sobre la falta de una actuación deliberada para inducir a error o complicar innecesariamente la investigación ordenada por el Tribunal Supremo. Todas estas razones nos hacen tomar este curso de acción a diferencia de lo determinado en *In re Pons Fontana*, res. el 23 de junio de 2011, 182 D.P.R.__ (2011), 2011 T.S.P.R. 108, 2011 J.T.S. 113. Además, pesa en nuestro ánimo que esta es la primera vez que el licenciado Iglesias García es sancionado disciplinariamente. No obstante, se le apercibe que de incurrir en el futuro en conducta que viole los Cánones de Ética Profesional estará sujeto a sanciones más drásticas.

IV

Por los fundamentos expuestos, amonestamos la conducta del licenciado Iglesias García. De igual forma, se le apercibe que de repetirse esta conducta estará sujeto a sanciones más drásticas.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jesús Faisel Iglesias García

CP-2010-9

SENTENCIA

San Juan, Puerto Rico, a 2 de diciembre de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, amonestamos la conducta del licenciado Iglesias García. De igual forma, se le apercibe que de repetirse esta conducta estará sujeto a sanciones más drásticas.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo