EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

    Lcdo. José R. Cintrón Colón | Querella

2004 TSPR 73

161 DPR _____ |

Número del Caso: CP-2002-6


Fecha: 13 de mayo de 2004


 Oficina del Procurador General:

                        Lcda. Noemí Rivera de León
                         Procuradora General Auxiliar


 Abogados del Querellado:

                        Lcdo. Antonio J. Amadeo Murga
                        Lcda. Wanda I. Concepción Figueroa


Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Lcdo. José R. Cintrón Colón

CP-2002-006

PER CURIAM

En San Juan, Puerto Rico, 13 de mayo de 2004.

En el caso de autos, el Sr. Ricardo Montosa Rodríguez presentó varias quejas ante este Tribunal contra el Lcdo. José R. Cintrón Colón, por alegadas violaciones a los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, consistentes en manejar negligentemente la causa *Ricardo Montosa, et als. v. Tommy Carrasquillo, et als.*,[1] no pactar adecuadamente los honorarios que recibiría por la defensa de dicha causa y amenazar de muerte al quejoso. Mediante resolución de 9 de noviembre de 2001,

---

[1] *Véase*, Civil Núm. DCD-99-2225 del Tribunal de Primera Instancia, Sala de Bayamón.

referimos el asunto a la atención del Procurador General de Puerto Rico para que investigara la conducta del querellado y nos informara sobre dichas quejas a la brevedad posible, conforme lo dispuesto por la Regla 14 (d) del Tribunal Supremo.[2] El 13 de noviembre de 1997 el Procurador General nos rindió su Informe. En el mismo señaló que el licenciado Cintrón Colón pudo haber incurrido en una violación al Canon 38 de Ética Profesional, *supra*, al amenazar de muerte a su cliente. En cuanto a las demás imputaciones, el Procurador concluyó que no existía evidencia suficiente que justificase el inicio de un procedimiento disciplinario en contra del abogado de epígrafe.

Mediante resolución de 5 de abril de 2002, ordenamos al Procurador General que presentara la correspondiente querella. Conforme a lo ordenado, el 1 de mayo de 2002 dicho funcionario

---

[2] En lo pertinente, establece la mencionada disposición legal que:

Regla 14- Quejas y procedimientos disciplinarios contra abogados (as) y notarios (as).

. . . .

(d) Cuando el (la) abogado (a) o el Notario (a) hayan presentado su contestación, o haya transcurrido el término concedido para contestar, el (la) Secretario(a) remitirá la queja y la contestación, o la queja y una expresión al efecto de que no ha sido contestado, según fuese el caso, al (a la) Director (a) de la Oficina de Inspección de Notaria, respectivamente, para que éstos (as), dentro del término de treinta (30) días, se expresen sobre las mismas y hagan la recomendación que estimen pertinente.

presentó ante este Tribunal una querella en contra del licenciado Cintrón Colón imputándole el siguiente cargo:

**CARGO I**

El Licenciado José R. Cintrón Colon incurrió en conducta profesional [sic] en violación a l Cánon [sic] 38 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C.38, al amenazar de muerte a su cliente, el Sr. Ricardo Montosa Rodríguez en medio de una discusión que sostuvieron en el Tribunal.

El 28 de mayo de 2002, el licenciado Cintrón Colón contestó la querella admitiendo las alegaciones incluidas en ésta. En su escrito, el abogado querellado pidió excusas a este Foro y al señor Montosa Rodríguez por el incidente ocurrido.

Así las cosas, el 18 de julio de 2002, designamos a la Lcda. Ygrí Rivera de Martínez, Ex Jueza del Tribunal de Circuito de Apelaciones, en calidad de Comisionada Especial, para que oyera y recibiera la prueba presentada por las partes, en apoyo de sus respectivas posiciones, y nos rindiera un informe con sus determinaciones de hecho. Cumpliendo con lo ordenado, el 17 de octubre de 2003 la Comisionada Especial nos rindió su informe.[3]

---

[3] Es menester señalar que previo a la Comisionada Especial someter su Informe ante nos, se celebró una vista en los méritos del caso. A la misma comparecieron la Lcda. Noemí Rivera León, Procuradora General Auxiliar, y el Lcdo. José R. Cintrón Colón, personalmente y representado por el Lcdo. Antonio J. Amadeo Murga. La Procuradora General sometió su prueba fundamentada en lo que consta en los expedientes AB-2001-222 y CP-2002-006. Por su parte, el Lcdo. Cintrón Colón presentó como testigo a la Hon. Concepción del Pilar Igartua, Jueza del Tribunal de Primera Instancia; el Sr. Gerardo Angulo Mestas, dueño del periódico The San Juan Star; Lcdo. Walter Pierlusi Isern, abogado del señor Montosa Rodríguez en un caso de ejecución de hipoteca; Lcda. Madeline Llovet Otero, abogada del señor Montosa Rodríguez en un caso de quiebras; y el Sr. Fernando Rivera Casasús, emplazador.

A continuación, exponemos un breve resumen de los hechos relevantes conforme surgen del Informe de la Comisionada y demás documentos que obran en autos.

II

El quejoso, Sr. Ricardo Montosa Rodríguez, contrató los servicios del licenciado Cintrón Colón para que lo representara en un caso de cobro de dinero, ejecución de hipoteca y daños y perjuicios.[4] Finalizado el caso, y una vez obtuvo sentencia a su favor, el señor Montosa Rodríguez comenzó a tener serias diferencias con el licenciado Cintrón Colón en torno a cúanto serían los honorarios de abogado que éste recibiría por los servicios prestados. Dichos incidentes motivaron que el licenciado Cintrón Colón presentara una demanda en cobro de dinero en contra del señor Montosa Rodríguez.

Así las cosas, el 31 de octubre de 2001 se celebró una vista en el Tribunal de Primera Instancia, Sala Superior de Bayamón, para discutir la controversia sobre el pago de honorarios. Finalizada la vista, y mientras las partes se dirigían al estacionamiento, se inicio una conversación entre el señor Montosa Rodríguez, la Lcda. Madeleine Llovet (quien acompañaba al señor Montosa Rodríguez), y el licenciado Cintrón Colón. Dicha conversación degeneró en una acalorada discusión en la cual el abogado querellado amenazó de muerte al señor Montosa Rodríguez.

---

[4] *Véase*, nota al calce #1.

Una vez el licenciado Cintrón Colón se percató que las emociones lo habían dominado, rectificó su posición y de inmediato le pidió disculpas al señor Montosa Rodríguez. De igual manera lo hizo con la licenciada Llovet Otero, quien fue testigo presencial del incidente. Posteriormente, continuó hablando con el señor Montosa Rodríguez amigablemente, al extremo que pensó que todo había concluido en ese momento.

III

Como es sabido, la práctica de la abogacía, distinto quizás a otras profesiones, conlleva una seria y delicada función ciudadana pues la misma representa servicio, ética y ejemplo. *Ramos Acevedo v. Tribunal Superior*, 133 D.P.R. 599, 613 (1993). En innumerables ocasiones, hemos señalado que los abogados y abogadas son funcionarios del Tribunal y ministros ordenados de la justicia y, como tales, sus actuaciones deben estar encaminadas a mantener un orden jurídico íntegro y eficaz, "orientado esencialmente por los principios de vida democrática y de respeto a la inviolable dignidad del ser humano". *In re: Santiago Rodríguez*, res. el 20 de agosto de 2003, 2003 T.S.P.R. 137, 2003 J.T.S. 137.

Cónsono con ello, el Canon 38 de Ética Profesional, *supra*, establece que:

> **El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión,** aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. En su conducta como

funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia....

**Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable.**(Énfasis suplido.)

A la luz de lo antes expuesto, hemos señalado que siendo los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. *In re: Santiago Rodríguez, supra*; *In re: Silvagnoni Collazo*, res. el 29 de junio de 2001, 2001 T.S.P.R. 106, 2001 J.T.S. 109; *In re: Ortiz Brunet*, res. el 22 de noviembre de 2000, 2000 T.S.P.R. 170, 2000 J.T.S. 182; *In re: Coll Pujols*, 102 D.P.R. 313, 319 (1974). Lamentablemente, dichos postulados no fueron los que se siguieron en el caso de marras.

En el presente caso, el licenciado Cintrón Colón admitió haber amenazado de muerte a su cliente. Tal conducta, lejos de preservar la dignidad y el honor de la profesión, constituye una violación al Canon 38 de Etica Profesional, *supra,* y merece nuestro más fuerte repudio. La actuación del licenciado Cintrón Colón lesiona el honor de la profesión y atenta directamente contra aquellos preceptos básicos que obligan a los miembros de la clase togada a actuar con el más alto sentido de responsabilidad y respeto hacia sus clientes y la profesión. Es decir, **"ese proceder es claramente lesivo al buen nombre de la**

**profesión y el suyo propio como profesional"**. *In re: Ortiz Brunet, supra*. (Énfasis suplido.)

Reconocemos que un abogado, ante circunstancias extremadamente difíciles que lo lleven a sentirse absolutamente agraviado, frustrado y humillado, puede, como cualquier otro ser humano, perder la ecuanimidad en un momento dado.[5] Sin embargo, ello no puede ser razón para otorgarle a éste una licencia que lo libere de su deber de esforzarse al máximo de su capacidad en la exaltación del honor y la dignidad de la profesión legal. Debemos recordar que la apariencia de impropiedad puede ser muy lesiva al respeto de la ciudadanía por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados. *In re: Rojas Lugo*, 114 D.P.R. 687, 690 (1983).

En aras de preservar el honor y la dignidad de la profesión, y aun reconociendo las múltiples disculpas brindadas por el licenciado Cintrón Colón, es forzoso concluir que éste quebrantó la dignidad de la profesión legal, al amenazar de muerte a su cliente. Así pues, procede que le censuremos enérgicamente por haber infringido el Canon 38 de Ética Profesional, *supra,* en el desempeño de sus funciones como abogado. Además, se le apercibe que conducta similar en el

_____

[5] Cabe señalar que del expediente que obra en nuestro poder se desprende, como un hecho probado, que el licenciado Cintrón Colón fue víctima de continuas humillaciones y acusaciones falsas, de manera injustificada, por parte del señor Montosa Rodríguez. La prueba demostró que el señor Montosa Rodríguez era una persona difícil y muy manipulador. *Véase*, Informe de la Comisionada Especial, págs. 24 y 27. De otra parte, quedó igualmente establecido que es la primera querella que se radica en contra de este abogado.

ejercicio de la abogacía y notaría en el futuro, conllevará sanciones más severas.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José R. Cintrón Colón

CP-2002-006

SENTENCIA

San Juan, Puerto Rico a 13 de mayo de 2004

Por los fundamentos expuestos en la opinión Per Curiam que antecede, se dicta sentencia censurando enérgicamente al Lcdo. José R. Cintrón Colón. Se le apercibe que conducta similar en el ejercicio de la abogacía y notaría en el futuro, conllevará sanciones más severas.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez concurre con el resultado sin opinión escrita.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo