EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                        | Querella       |
|                               |                |
|    Francisco A. Cuyar Fernández | 2004 TSPR 164 |
|                               |                |
|                               | 162 DPR _____  |

Número del Caso: CP-2002-10


Fecha: 1 de octubre de 2004


Oficina del Procurador General:

                    Lcda. Noemí Rivera de León
                    Procuradora General Auxiliar



 Abogado del Querellado:

                    Lcdo. Pedro Tomás Armstrong



Materia: Conducta Profesional
         (La suspensión será efectiva el día 22 de octubre
         de 2004 fecha en que se le notificó al abogado de su
         suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Francisco A. Cuyar Fernández

CP-2002-010

PER CURIAM

En San Juan, Puerto Rico, a 1 de octubre de 2004

Debemos pasar juicio sobre la conducta de un abogado que comparece ante el tribunal a representar hechos favorables a su cliente constándole la falsedad de los mismos. Veamos.

I.

Por orden del Hon. Héctor R. López García, Juez del Tribunal de Primera Instancia, Sala Superior de San Juan, la Secretaría de dicho foro elevó ante nuestra consideración una resolución emitida por éste en el caso civil número KEF94-0269, *Autoridad de Carreteras y Transportación de Puerto Rico*

*v. Pedro P. González González.* En la misma se nos solicita que, conforme a nuestra jurisdicción disciplinaria, determinemos si el Lcdo. Francisco Cuyar Fernández incurrió en violación a los Cánones 35 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX, al alegadamente haber brindado al tribunal, de manera intencional, información falsa durante el tramite del caso de referencia.

Vista dicha Resolución, referimos el asunto al Procurador General de Puerto Rico para la investigación y el Informe correspondiente. En su Informe, el Procurador determinó que, conforme al expediente del caso *Autoridad de Carreteras y Transportación de Puerto Rico v. Pedro P. González González,* el licenciado Cuyar Fernández incurrió en violación a los Cánones 35 y 38 de Ética Profesional, *supra*, al brindar información falsa al tribunal mientras se tramitaba el mencionado litigio. Por lo tanto, recomendó el inicio de un procedimiento disciplinario en contra del abogado.

Examinado el Informe, ordenamos al Procurador General radicar la querella correspondiente. Presentada la querella y notificada al licenciado Cuyar Fernández, éste contestó y negó todas las alegaciones en su contra.

Así las cosas, designamos al Hon. Enrique Rivera Santana, Ex Juez del Tribunal Superior, en calidad de Comisionado Especial. En el descargo de sus funciones, el Comisionado nos rindió su Informe, del cual surge que en el año 1992 el matrimonio compuesto por el Sr. Pedro Pablo

González González y la Sra. Gloria Esther Rivera Olivera contrataron los servicios del licenciado Cuyar Fernández para que los representara en una acción civil, sobre ejecución de hipoteca, instada en su contra por el Banco Santander. Se trataba de un inmueble sito en la Comunidad Rural Animas, del Barrio Factor, del Municipio de Arecibo. Asumida la representación legal por el licenciado Cuyar Fernández, se inició el juicio en el que finalmente el matrimonio González Rivera fue desposeído de su título sobre la mencionada propiedad. Posteriormente, la propiedad se adjudicó en pública subasta al matrimonio compuesto por el Sr. Heriberto Martínez Medina y la Sra. Maida Ríos Rivera. El 28 de febrero de 1994, por orden del tribunal, el matrimonio González Rivera desalojó la propiedad objeto del litigio.

El 30 de septiembre de 1994, aproximadamente siete (7) meses después del matrimonio González Rivera haber desalojado la propiedad, la Autoridad de Carreteras del Estado Libre Asociado de Puerto Rico (en adelante Autoridad de Carreteras), en un pleito separado, presentó una petición encaminada a expropiar forzosamente una porción de terreno del inmueble antes descrito. Al presentarse la petición de expropiación, la Autoridad de Carreteras consignó la suma de $8,241.00 a favor del matrimonio González Rivera y del Banco Santander, quienes todavía para esa fecha aparecían como titulares registrales y acreedor hipotecario, respectivamente, del mencionado inmueble.

Enterado de ello, el señor González González, por derecho propio y en representación del matrimonio González Rivera, presentó ante el Tribunal de Primera Instancia una solicitud de retiro de los fondos consignados por la Autoridad de Carreteras. El foro de instancia condicionó el retiro de los fondos a que el señor González González evidenciara la cancelación de las deudas y gravámenes hipotecarios. Días más tardes, y en aras de cumplir con la orden del tribunal, el licenciado Cuyar Fernández, en representación del señor González González, presentó ante el Tribunal de Primera Instancia una moción solicitando se expidiera el cheque a favor del señor González González.

El Tribunal de Primera Instancia autorizó el retiro de fondos a favor del señor González González. No obstante, meses más tarde, y ante la intervención de los verdaderos dueños de la propiedad, el Tribunal de Primera Instancia se enteró que había sido inducido a error por el licenciado Cuyar Fernández ya que el matrimonio González Rivera no era el verdadero dueño de la propiedad expropiada por la Autoridad de Carreteras, y por ende no tenían derecho a recibir el dinero consignado en el tribunal.

A la luz de este trasfondo procesal fáctico, el Comisionado concluyó que, a pesar de que al licenciado Cuyar Fernández le constaba de propio y personal conocimiento que el matrimonio González Rivera no era al momento de la expropiación los dueños de la propiedad, éste, de manera intencional, le representó al Tribunal que

"estos fondos pertenecían en su totalidad al dueño cuando se hizo la expropiación forzosa, el Sr. Pedro González". De igual forma dispuso, que esta fue la causa inmediata que motivó que el foro de instancia le asignara, erróneamente, los fondos consignados por la Autoridad de Carreteras al señor González González.

Con el beneficio del Informe del Comisionado Especial, resolvemos.

II

Como es sabido, la práctica de la abogacía, distinto quizás a otras profesiones, conlleva una seria y delicada función ciudadana pues la misma representa servicio, ética y ejemplo. In re Cintrón Colon, res. 13 de mayo de 2004, 2004 TSPR. 73; Ramos Acevedo v. Tribunal Superior, 133 D.P.R. 599, 613 (1993). En innumerables ocasiones, hemos señalado que los abogados y abogadas son funcionarios del Tribunal y ministros ordenados de la justicia y, como tales, sus actuaciones deben estar encaminadas a mantener un orden jurídico íntegro y eficaz, "orientado esencialmente por los principios de vida democrática y de respeto a la inviolable dignidad del ser humano". In re Cintrón Colón, supra; In re Santiago Rodríguez, res. el 20 de agosto de 2003, 2003 TSPR 137.

A esos efectos, los cánones 35 y 38 de los de Ética Profesional, supra, prescriben y enfatizan la necesidad de que las aportaciones de los abogados al quehacer jurídico

estén enmarcadas dentro de lo que se espera de esta insigne profesión.

En lo pertinente, el Canon 35, *supra*, obliga a los miembros de la profesión legal a observar una conducta ante los tribunales impregnada de sinceridad y de honradez. Prohíbe cualquier medio inconsistente con la verdad y señala que no es ético inducir a un juzgado a error utilizando una falsa relación de hechos. Por su parte, el Canon 38, *supra,* impone a la clase togada la obligación de esforzarse en exaltar el honor y la dignidad de la profesión y de colaborar en la consecución de la mejor administración de la justicia.

Por ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. In re: Santiago Rodríguez*, supra*; In re Silvagnoni Collazo, res. el 29 de junio de 2001, 2001 TSPR. 106; In re Ortiz Brunet, res. el 22 de noviembre de 2000, 2000 TSPR 170; In re Coll Pujols, 102 D.P.R. 313, 319 (1974). **"Una información falsa presentada por abogados al tribunal constituye conducta profesional reprobable [...]. La mentira degrada el carácter y envilece el espíritu y es antítesis de la conducta recta y honorable que el Código de Etica Profesional exige de todo abogado. Jugar al esconder con la justicia, que es jugar al esconder con la verdad, es práctica deleznable[...]".** In re Filardi Guzmán, 144 D.P.R. 710, 718 (1998); In re Ramos y Ferrer,

115 DPR 409, 412 (1984). Lamentablemente, dichos postulados no fueron seguidos en el caso de marras. Veamos.

III

El licenciado Cuyar Fernández, a los únicos fines de que sus representados obtuvieran el importe por justa compensación que se otorga en los litigios en que el Estado expropia forzosamente una propiedad, le representó al tribunal de instancia que sus clientes, el matrimonio González Rivera, eran los titulares regístrales de la propiedad objeto de expropiación, cuando a éste le constaba de propio y personal conocimiento que éstos no lo eran. El licenciado Cuyar Fernández conocía que ese hecho no era cierto pues había representado al matrimonio González Rivera en el pleito de ejecución de hipoteca en el que fueron desposeídos del título de la propiedad objeto de expropiación. Al hacer tal representación, el licenciado Cuyar Fernández indujo a error al tribunal de instancia para que ordenara la entrega al matrimonio González Rivera, y en especifico al señor González González, unos fondos que no le pertenecían. Tal conducta, lejos de preservar la dignidad y el honor de la profesión, constituye una crasa violación a los cánones 35 y 38 de Ética Profesional, *supra,* y merece nuestro más fuerte repudio. La actuación del licenciado Cuyar Fernández lesiona el honor de la profesión y atenta directamente contra aquellos preceptos básicos que obligan a los miembros de la clase togada a

actuar con el más alto sentido de responsabilidad y respeto hacia sus clientes, los tribunales y la profesión.

Por las razones antes expresadas, procede separar, de forma inmediata e indefinida, del ejercicio de la profesión de la abogacía y de la notaría al Lcdo. Francisco A. Cuyar Fernández. Éste deberá notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir su notificación el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial de Francisco A. Cuyar Fernández, incluyendo su sello notarial, la cual entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Francisco A. Cuyar Fernández          CP-2002-10


SENTENCIA


San Juan, Puerto Rico, a 1 de octubre de 2004


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, procede separar de forma inmediata e indefinida del ejercicio de la profesión de la abogacía y de la notaría a Francisco A. Cuyar Fernández.

Éste deberá notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Sentencia el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial de Francisco A. Cuyar Fernández, incluyendo su sello notarial, la cual entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  Los Jueces Asociados señor Rebollo López y señor Fuster Berlingeri no intervinieron.


                          Patricia Otón Olivieri
                       Secretaria del Tribunal Supremo