EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Wanda Valentín Custodio | 2012 TSPR 186 <br><br> 187 DPR ____ |

Número del Caso: CP-2010-17


Fecha: 11 de diciembre de 2012


Oficina del Procurador General:

      Lcdo. Luis Román Negrón
      Procurador General

      Lcda. Zaira Girón Anadón
      Subprocuradora General

      Lcda. Tatiana Grajales Torruella
      Subprocuradora General

      Lcdo. José E. Valenzuela Alvarado
      Procurador General Auxiliar

      Lcda. Edna E. Rodríguez Benítez
      Procuradora General Auxiliar

      Lcda. María Astrid Hernández
      Procuradora General Auxiliar

      Lcda. Celia Molano Flores
      Procuradora General Auxiliar

Abogados de la Parte Querellada:

      Lcdo. Luis M. Acevedo Lebrón
      Lcdo. Adalberto Núñez López


Materia: Conducta Profesional – Censura Enérgica por violación a los Cánones 6, 12, 18 y 19 de Ética Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wanda Valentín Custodio

CP-2010-17

PER CURIAM

En San Juan, Puerto Rico, a 11 de diciembre de 2012.

A la Lcda. Wanda Valentín Custodio se le admitió al ejercicio de la abogacía el 4 de agosto de 1993 y al de la notaria el 11 de agosto de 2000. Contra ella, la Sra. Iris Melba Santoni Tirado presentó una queja jurada en la Secretaría de este Foro. El 21 de octubre de 2009 ordenamos al Procurador General que formulara querella a base de los hechos expuestos en esa queja. El Procurador General así lo hizo e imputó a la licenciada Valentín Custodio quebrantar el Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX.

Con posterioridad, el Procurador General nos informó que en la querella presentada no se tomaron

en consideración otras actuaciones de la licenciada Valentín Custodio que también podían violar los Cánones 6, 9, 12, 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Cónsono con lo anterior, ordenamos la presentación de una querella enmendada que imputara las actuaciones omitidas. En esa querella se imputaron infracciones de los Cánones 6, 9, 12, 18, 35 y 38 de Ética Profesional, íd. Designamos al Lcdo. Carlos S. Dávila Vélez como Comisionado Especial para que recibiera la prueba necesaria y rindiera el informe sobre los hechos en controversia.

El Comisionado Especial presentó su informe ante este Foro y concluyó que la licenciada Valentín Custodio solo violó los Cánones 6 y 18 del Código de Ética Profesional, supra. Recomendó que la sanción se limitara a una amonestación y a que le pagara a la señora Santoni Tirado $100 por una sanción que le impuso a esta última un foro administrativo como consecuencia de las actuaciones de la abogada. El 13 de septiembre de 2012 la licenciada Valentín Custodio informó que ya pagó la sanción de $100 que se le impuso a la señora Santoni Tirado. Veamos los hechos que nos obligan a ejercer nuestra jurisdicción disciplinaria.

I

El 20 de enero de 2004 el Subsecretario del Departamento de Justicia notificó a la señora Santoni Tirado una suspensión de empleo y sueldo por el término

de diez días. La suspensión se debió a que, alegadamente, la señora Santoni Tirado se negó a realizar un deber de su puesto.

El 30 de enero de 2004 la señora Santoni Tirado contrató los servicios de la licenciada Valentín Custodio para impugnar la suspensión. Los honorarios se pactaron en $1,000, de los cuales la abogada recibió $600 por adelantado. Ese mismo día, la licenciada Valentín Custodio remitió una carta por correo certificado a la Comisión Apelativa de Servicio Público (CASP).[1] Con esa misiva inició el trámite de apelación ante ese foro por la suspensión de empleo. La apelación recibió el número 2004-02-0857. En la carta se certificó haber notificado una copia de la carta al Subsecretario del Departamento de Justicia.

El 5 de marzo de 2004 la CASP emitió una orden en que concedió al Departamento de Justicia treinta días para contestar la apelación y a la señora Santoni Tirado diez días para someter copia de la comunicación en que se le notificó la suspensión. El 21 de abril de 2004 la licenciada Valentín Custodio presentó una moción ante la

---

[1] Somos conscientes de los cambios de nombre que ha tenido la CASP a través del tiempo, tales como Junta de Apelaciones del Sistema de Administración de Personal (JASAP) y Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CASARH). Sin embargo, para facilitar la lectura, siempre nos referiremos al nombre actual de ese organismo: Comisión Apelativa de Servicio Público (CASP). Véase, Plan de Reorganización Núm. 2 de 2010, conocido como Plan de Reorganización de la Comisión Apelativa de Servicio Público, 3 L.P.R.A. Ap. XIII.

CASP e incluyó una copia de la comunicación que se solicitó. No obstante, en la moción la licenciada Valentín Custodio escribió el número de caso erróneo, pues colocó el 2002-10-0391 cuando debió ser el 2004-02-0857.

El 29 de abril de 2004 el Departamento de Justicia contestó la apelación. Desde esa fecha, no hubo trámite alguno en el caso hasta que el 4 de diciembre de 2006 la licenciada Valentín Custodio se personó a la CASP para revisar el expediente del caso. Luego de auscultarlo, escribió en la hoja de control del expediente: "Estoy en espera de vista desde el 2004". Expediente estipulado del caso administrativo 2004-02-0857, pág. 6.

Además de revisar el expediente del caso, la licenciada Valentín Custodio testificó que una empleada de la CASP le indicó que existía una congestión de casos en la agencia, por lo que debía ser paciente. De igual manera, la empleada expresó que el trámite ante la CASP no era como en el Tribunal, por lo que debía esperar su turno.

Durante ese periodo de tiempo la licenciada Valentín Custodio ofreció de forma infructuosa al Lcdo. Orlando Cintrón De Jesús, representante legal del Departamento de Justicia, la posibilidad que se llegara a un acuerdo para finiquitar el proceso administrativo.

El 4 de diciembre de 2006 la licenciada Valentín Custodio presentó otra apelación ante la CASP en

representación de la señora Santoni Tirado. Esa apelación recibió el número 2006-12-0578. En esencia, se impugnó una determinación del Departamento de Justicia de 2 de noviembre de 2006 que le denegó a la señora Santoni Tirado un aumento de sueldo por años de servicios ya que se suspendió de empleo y sueldo por diez días durante el periodo que transcurrió desde el 21 de enero al 3 de febrero de 2004, además de que se le concedieron 33 días desde el 23 de junio al 12 de agosto de 2005.

En el caso 2006-12-0578, el 18 de diciembre de 2006 la CASP emitió una orden en que requirió a las partes llenar y presentar en el término de 15 días uno de dos formularios que se anejaron. En particular, los formularios versaban sobre la solicitud voluntaria de servicio de mediación o su rechazo. En la orden aludida, la CASP apercibió a las partes que el incumplimiento con lo que se ordenó podría conllevar sanciones económicas o hasta desestimar el caso con perjuicio. Además, en la notificación de la orden, la Secretaria de la CASP requirió a la señora Santoni Tirado que certificara por escrito en cinco días laborables si había entregado al Departamento de Justicia una copia de la apelación y de los documentos que se presentaron. Asimismo, la Secretaria de la CASP apercibió a la señora Santoni Tirado que si incumplía con lo ordenado en la notificación, la apelación se archivaría por abandono o por falta de interés.

Durante la vista celebrada ante el comisionado Dávila Vélez, la licenciada Valentín Custodio testificó que conversó con la representación legal del Departamento de Justicia para auscultar si era posible someter el caso al proceso de mediación.

Así las cosas, el 9 de enero de 2007 el Departamento de Justicia presentó una moción en que expresó que recibió la apelación pero no los tres anejos que ella contenía. Sobre el particular, sostuvo que se comunicó con la licenciada Valentín Custodio, quien accedió a enviarle copia de los anejos. No obstante, solicitó a la CASP copias de los tres anejos del caso porque todavía no se los habían enviado. Asimismo, el Departamento de Justicia presentó el formulario de no aceptación del servicio de mediación. En cuanto a los formularios relacionados al servicio de mediación, la licenciada Valentín Custodio sostuvo que como el Departamento de Justicia no aceptó la mediación, ella no tenía que presentar ninguno de ellos.

El 11 de enero de 2007 el Departamento de Justicia solicitó una prórroga de 20 días para contestar. Fundamentó su petición en que la apelación se recibió sin los tres anejos y que a pesar de que realizó gestiones para obtenerlos, no pudo conseguirlos.

El 30 de enero de 2007 el Departamento de Justicia presentó una moción bajo juramento en que solicitó la desestimación del caso. En esa moción sostuvo que se

comunicó con la licenciada Valentín Custodio en relación con los anejos. A raíz de esa comunicación, la licenciada Valentín Custodio se comprometió a enviar los anejos de la apelación tan pronto regresara de sus vacaciones el 9 de enero de 2007. No empece lo anterior, el Departamento de Justica indicó que al 30 de enero de 2007 no había recibido comunicación escrita o verbal de la licenciada Valentín Custodio, excepto una carta que recibió por fax el 16 de diciembre de 2006. Sobre esa carta sostuvo que no creía que fuera uno de los anejos solicitados. No obstante, expresó que aunque lo fuera, no había recibido los otros dos. En alternativa a la desestimación, solicitó la consolidación de los casos 2004-02-0857 y 2006-12-0578.

Con posterioridad, el 20 de septiembre de 2007 el Departamento de Justicia presentó una moción de desestimación en el caso 2004-02-0857 por estar inactivo desde el 29 de abril de 2004 cuando contestó la apelación. Además, sostuvo que la señora Santoni Tirado incumplió con la orden de 5 de marzo de 2004 de la CASP que le requería presentar una copia de la comunicación en que se le notificó la acción administrativa impugnada. Esa moción de desestimación se le notificó personalmente a la señora Santoni Tirado, pero no a la licenciada Valentín Custodio.

El 13 de noviembre de 2007 la licenciada Valentín Custodio presentó una moción en que se opuso a la

solicitud de desestimación que se presentó en el caso 2004-02-0857. En particular, la licenciada Valentín Custodio sostuvo que la señora Santoni Tirado tenía tres asuntos pendientes ante la CASP. En específico, los casos 2002-10-0391, 2004-02-0857 y 2006-12-0578. Sin embargo, explicó que ella no representaba a la señora Santoni Tirado en el caso 2002-10-0391. Además, señaló que dio cumplimiento a la orden de la CASP de 2004 pero que por un error involuntario a la moción se le asignó un número de caso equivocado. Como se percató del error, acompañó en la moción una copia de la acción administrativa impugnada y una copia de la moción informativa que presentó el 21 de abril de 2004.

De igual forma, mostró inconformidad con que solo se le notificara a su cliente copia de la moción de desestimación que presentó el Departamento de Justicia. Además de solicitar una vista, la licenciada Valentín Custodio requirió que todo escrito que presentara el Departamento de Justicia se le notificara a ella como representante legal de la señora Santoni Tirado.

El 17 de julio de 2008 la CASP emitió otra orden en el caso 2004-02-0857 en que tomó conocimiento de la moción de desestimación que presentó el Departamento de Justicia y de la oposición que presentó la licenciada Valentín Custodio.

En cuanto al caso administrativo 2006-12-0578, el Departamento de Justicia presentó el 17 de julio de 2008

una moción en que reiteró su solicitud de desestimación. En específico, expresó que desde el 30 de enero de 2007 presentó una moción de desestimación a la que no se opuso la representación legal de la señora Santoni Tirado. El 22 de octubre de 2008 la CASP concedió veinte días a la señora Santoni Tirado para que mostrara causa por la cual no debía ser sancionada con una penalidad de $100 por su incumplimiento con la orden de 18 de diciembre de 2006. También tomó conocimiento de las mociones de desestimación que presentó el Departamento de Justicia y notificó a las partes que su nueva dirección postal sería PO Box 192394, San Juan, P.R. 00919-2394. La licenciada Valentín Custodio nunca contestó esa orden de la CASP.

En noviembre de 2008 la señora Santoni Tirado, por derecho propio, presentó una "Moción en cumplimiento de orden" en el caso 2006-12-0578. En ella, expresó que recibió las órdenes de 22 de octubre de 2008 y de 18 de diciembre de 2006 y que entregó a la licenciada Valentín Custodio una copia de la primera. También indicó que por su abogada no mantenerla informada de los procedimientos ante la CASP, presentó una queja en su contra ante este Tribunal. Por último, pidió que no se le impusiera una sanción ni que le desestimaran la apelación porque el incumplimiento con el trámite lo ocasionó la licenciada Valentín Custodio y no ella.

El 9 de septiembre de 2009 la licenciada Valentín Custodio cursó una carta a la señora Santoni Custodio

para notificarle que había presentado mociones de renuncia a la representación legal en los casos 2004-02-0857 y 2006-12-0578. Con la misiva, acompañó copia de las dos mociones y le envió un giro postal por la cantidad de $600 por concepto de devolución de los honorarios de abogados que se pagaron hasta ese momento.

El 23 de diciembre de 2009 la licenciada Valentín Custodio envió en un sobre las dos mociones de renuncia que correspondían a los casos 2004-02-0857 y 2006-12-0578. El sobre se envió a la dirección PO BOX 9023990, San Juan, P.R. 00919-2394, anterior dirección de CASP. El servicio de correo postal de Estados Unidos devolvió el sobre a la licenciada Valentín Custodio y le adhirió un papel amarillo que lee: "FORWARD TIME EXP RTN TO SEND". Del papel adherido también se desprendía que la nueva dirección postal de la CASP era: PO BOX 192394, San Juan, P.R., 00919-2394.

Al recibir el sobre devuelto con las dos mociones de renuncia, la licenciada Valentín Custodio lo colocó sin abrir en otro sobre manila y volvió a enviarlo a la CASP el 17 de octubre de 2009. De forma misteriosa, la licenciada Valentín Custodio volvió a enviar las mociones de renuncia a la antigua dirección de la CASP. Como era de esperarse, ese sobre también fue devuelto por el servicio de correo federal.

Por su parte, la licenciada Valentín Custodio aduce que cuando recibió el sobre devuelto por segunda vez,

imprimió nuevamente las mociones de renuncia y las volvió a enviar por el servicio regular del correo federal a la dirección correcta. Aunque nunca llamó a la CASP para verificar si las mociones de renuncia habían llegado, la licenciada Custodio Valentín presume que sí. Vale puntualizar que la querellada no tiene copia de esas mociones ni recuerda la fecha cuando las firmó. Tampoco se encuentran en los expedientes 2004-02-0857 y 2006-12-0578 de la CASP.

Así las cosas, el 26 de octubre de 2009 la señora Santoni Tirado presentó en la CASP una moción informativa. En ella, expresó que el 9 de septiembre de 2009 la licenciada Valentín Custodio presentó dos mociones en que informó su renuncia a la representación legal en los casos 2004-02-857 y 2006-12-578. Asimismo, señaló que recibió las dos mociones y un giro por la cantidad de $600. Sin embargo, rechazó haber recibido una copia del expediente de los casos. Además, indicó desconocer la etapa procesal de ellos y si alguno tenía señalamiento. Por esa razón, solicitó a la CASP que ordenara a la licenciada Valentín Custodio entregarle el expediente e informarle el estado de las apelaciones.

El 4 de mayo de 2010 la señora Santoni Tirado presentó otra moción por derecho propio e informó que no tenía representación legal porque le solicitó la renuncia a la licenciada Valentín Custodio. Indicó, además, que

tenía interés en el caso pero que la abogada no le había entregado el expediente.

Cónsono con lo anterior, la CASP emitió una orden el 1 de septiembre de 2010 en el caso 2004-02-0857, en que requirió a la licenciada Valentín Custodio entregar el expediente a la señora Santoni Tirado. También, ordenó a esta última que en treinta días anunciara la nueva representación legal.

Por otro lado, en cuanto al caso 2006-12-0578, la CASP emitió una orden el 17 de septiembre de 2010 en que impuso a la señora Santoni Tirado una sanción económica de $100 por el incumplimiento con la orden de 23 de septiembre de 2008. Esa orden se notificó al Departamento de Justicia, a la señora Santoni Tirado y a la licenciada Valentín Custodio. El 27 de septiembre de 2010 la señora Santoni Tirado, por derecho propio, solicitó por escrito la reconsideración de la orden que le impuso la sanción de $100. Fundamentó su pedido en que la licenciada Valentín Custodio no le había entregado el expediente del caso ni le informó cuando renunció que había órdenes pendientes de cumplir. De igual forma, solicitó que le permitiera contratar una nueva representación legal.

El 8 de diciembre de 2010 el Lcdo. Jorge Tantao Echevarría presentó una moción para informar que asumió la representación legal de la señora Santoni Tirado. El 7 de marzo de 2011 solicitó a la CASP que considerara favorablemente la moción de consolidación que presentó el

Departamento de Justicia y que señalara una vista. El 8 de junio de 2011 la CASP consolidó los casos 2004-02-0857 y 2006-12-0578.

Todavía al 8 de junio de 2011 la licenciada Valentín Custodio permanecía en los expedientes de la CASP como abogada de la señora Santoni Tirado. Como cuestión de hecho, el Comisionado Especial concluyó que la CASP "no ha relevado a la querellada de la representación legal de la quejosa por no encontrarse en los expedientes las mociones de renuncia". Informe del Comisionado, pág. 15.

II

El Canon 38 de Ética Profesional, supra, esboza en lo concerniente que todo abogado debe esforzarse en la exaltación del honor y dignidad de su profesión. Señala además, que todo miembro de la profesión legal, en "su conducta como funcionario de tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia". Íd. En ese sentido, hemos reiterado que los abogados son el espejo donde se refleja la imagen de la profesión. In re Fontánez Fontánez, 181 D.P.R. 407, 417 (2011). Por esa razón, "deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". In re Nieves Nieves, 181 D.P.R. 25, 45 (2011). Véase, además, In re Cuyar Fernández, 163 D.P.R. 113, 117 (2004).

De otra parte, el Canon 6 de Ética Profesional, supra, establece en lo pertinente que: "[a]l prestar sus servicios profesionales ante organismos legislativos o administrativos el abogado debe observar los mismos principios de ética profesional que exige su comportamiento ante los tribunales". Sobre ese particular, resolvimos recientemente en In re Pietri Castellón, Op. de 20 de junio de 2012, 2012 T.S.P.R. 107, 2012 J.T.S. 120, 185 D.P.R. __ (2012) , que "el abogado que rinde servicios profesionales ante organismos administrativos debe observar los mismos principios de ética profesional que exige su comportamiento ante los tribunales".

Por su parte, el Canon 9 de Ética Profesional, supra, indica:

> El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde ocurrieren tales ataques o atentados, el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.
>
> El deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observen una actitud cortés y respetuosa.

De esa forma, la desatención a las órdenes de un tribunal o una agencia administrativa en virtud del Canon

6 de Ética Profesional, supra, constituye un grave insulto a su autoridad, en clara violación al mandato expreso del Canon 9, supra. In re Cuevas Borrero, Op. de 28 de marzo de 2012, 2012 T.S.P.R. 79, 2012 J.T.S. 92, 185 D.P.R. __ (2012). Véanse, además, In re Torres Viera, 179 D.P.R. 868 (2010); In re Dávila Toro, 179 D.P.R. 833 (2010).

Por otro lado, el Canon 12 del Código de Ética Profesional, supra, dispone:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

Como resultado del deber figurado en el Canon 12 de Ética Profesional, íd., la conducta de un miembro de la profesión legal no debe entorpecer la resolución de un caso. In re Pietri Castellon, supra. Véase, además, In re Vélez Báez, 176 D.P.R. 201 (2009). Así, las actuaciones y omisiones que coloquen en riesgo la causa de su cliente, son violaciones patentes a ese postulado ético. Íd. Véase, además, In re Cuevas Velázquez, 174 D.P.R. 433 (2008). Por ello, la falta de diligencia en la tramitación de los casos y el incumplimiento con las órdenes constituyen un patrón de conducta sumamente irresponsable. In re Cuevas Velázquez, supra, pág. 441.

Véanse, además, In re Rosado Nieves, 159 D.P.R. 746 (2003); In re Grau Díaz, 154 D.P.R. 70 (2001).

De otro lado, el Canon 18, supra, expresa:

[s]erá impropio de un abogado asumir una representación profesional cuando está (sic) consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Sobre ese Canon hemos pautado que "[t]odo miembro de la profesión legal tiene el ineludible deber de defender los intereses de su cliente con el compromiso de emplear 'la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez'." In re Rivera Ramos, 178 D.P.R. 651, 664 (2010), citando a In re Cuevas Velázquez, 174 D.P.R. 433, 442 (2008).

Así pues, "[u]n abogado no puede olvidar que la indiferencia, desidia, despreocupación, inacción y displicencia en la tramitación de un caso viola el Canon 18. In re Amill Acosta, supra, pág. 940, citando a In re Pizarro Colón, 151 D.P.R. 94, 105 (2000).

III

Al aceptar la tarea de representar a la señora Santoni Tirado en las apelaciones ante la CASP, la licenciada Valentín Custodio tenía la obligación ineludible de defender los intereses de su clienta.

Cónsono con lo expuesto, debió tramitar los casos con puntualidad, diligencia y respetando las ordenes de la CASP. Como la querellada incumplió con lo expuesto anteriormente, quebrantó los Cánones 6, 9, 12, 18 y 38, supra.

Contrario a lo que expresó la licenciada Valentín Custodio, las apelaciones ante la CASP en controversia no están imbricadas ni confundidas. Por el contrario, el trámite de cada caso se efectuó de forma separada hasta su consolidación.

En el caso 2004-02-0857, se evidenció que la licenciada Valentín Custodio efectuó las siguientes gestiones: (1) cursó la carta que dio inicio al trámite apelativo ante la CASP; (2) el 21 de abril de 2004 presentó una moción con el número incorrecto a la que anejó copia de la comunicación del Departamento de Justicia que contenía la determinación impugnada; (3) el 4 de diciembre de 2004 se personó a la CASP para examinar el expediente; (4) se comunicó con el abogado del Departamento de Justicia para iniciar conversaciones transaccionales y; (5) el 13 de noviembre de 2007 se opuso a una moción de desestimación que presentó el Departamento de Justicia.

Al igual que el Comisionado Dávila Vélez, concluimos que no se probó que la licenciada Valentín Custodio actuara con desidia e indiferencia en la tramitación del caso 2004-02-0857. Tampoco procede concluir que la demora

en el trámite de ese caso se debe a la actuación de la querellada. Esta no controlaba el calendario de vistas de la CASP y tampoco surge que incumpliera con alguna moción en ese caso. Sin embargo, no podemos concluir lo mismo con relación al caso 2006-12-0578.

En cuanto a ese caso, la prueba demostró que las únicas gestiones que realizó la licenciada Valentín Custodio fueron: (1) presentar la apelación ante la CASP y; (2) proponerle verbalmente al abogado del Departamento de Justicia referir el asunto al programa de mediación. Más aún, del expediente surge que la licenciada Valentín Custodio no respondió a las órdenes de 18 de diciembre de 2006 y de 22 de octubre de 2008 que emitió la CASP.

A base de la omisión con la orden de 18 de diciembre de 2006, la acción de la señora Santoni Tirado se pudo archivar por abandono o falta de interés, según surge de su texto. Aunque el Departamento de Justicia declinó eventualmente someter el asunto al programa de mediación, la orden de 18 de diciembre de 2006 era clara al respecto. La licenciada Valentín Custodio, como representante legal de la señora Santoni Tirado, debía llenar uno de los dos formularios relacionados al proceso de mediación. Sin embargo no lo hizo. Además, la querellada también incumplió esa orden por una razón independiente: nunca certificó si entregó al Departamento de Justicia una copia de la apelación y de los tres documentos que se anejaron a ella.

Por otro lado, la omisión de la licenciada Valentín Custodio en contestar la orden de 22 de octubre de 2008 es mas grave todavía. En ella, se le ordenó que mostrara causa por la cual no se le debía imponer una multa de $100 por incumplir con la orden de 18 de diciembre de 2006. Además, la CASP apercibió a la señora Santoni Tirado que el incumplimiento con lo ordenado podía desembocar en "la desestimación y archivo **con perjuicio** del caso. Expediente estipulado del caso 2006-12-0578, pág. 29. (Énfasis en el original.)

Ante ese panorama, la licenciada Valentín Custodio se cruzó de brazos y en vez de contestar la orden prefirió enviar **el 23 de septiembre de 2009** –casi un año después– unas mociones en que anunciaba su renuncia a la representación legal de la señora Santoni Tirado. La prueba demostró que esas mociones de renuncia se enviaron a la dirección incorrecta aunque conocía o debía conocer la dirección correcta. Sin lugar a dudas, esa actuación de la querellada colocó en riesgo la causa de acción de su cliente porque incumplió con la orden de la CASP.

A la luz de lo anterior, concluimos que la licenciada Valentín Custodio violó los Cánones 6, 9, 12, 18 y 38 del Código de Ética Profesional, supra. En particular, quebrantó los Cánones 6 y 9, íd., de ese Código al no atender con premura las órdenes que emitió la CASP. Asimismo, violentó el Canon 12, supra, por no entregar al Departamento de Justicia los tres anejos que

se presentaron junto con la apelación en el caso 2006-12-0578. Con esa actuación se causó una dilación indebida en la tramitación del caso. También abonó al retraso el hecho de que la licenciada Valentín Custodio no entregó de forma inmediata a la señora Santoni Tirado los expedientes de los casos. De igual forma, la querellada también infringió el Canon 18, supra, al no desplegar su más profundo saber y habilidad en la tramitación del caso. Finalmente, tenemos que concluir que la actuación de la licenciada Valentín Custodio violó el Canon 38, supra. Desatender las órdenes de la CASP y los intereses de su clienta no promueve la sana administración de la justicia ni exalta el honor y la dignidad de la profesión jurídica.

Por último, clarificamos que el Comisionado Especial concluyó que no se pueden quebrantar los Cánones 9 y 12, supra, en el contexto administrativo. Sin embargo, recientemente determinamos lo contrario en In re Pietri Castellón, supra. Asimismo, no puede haber duda de que el Canon 38 de Ética Profesional, supra, aplica en el contexto administrativo. Velar por la buena administración de la justicia y exaltar el honor y dignidad de la profesión jurídica son postulados éticos que hay que guardar en cualquier foro.

IV

En lo atinente, el Canon 35 de Ética Profesional, supra, establece:

> La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho. Es impropio variar o distorsionar las citas jurídicas, suprimir parte de ellas para transmitir una idea contraria a la que el verdadero contexto establece u ocultar alguna que le es conocida.
>
> El abogado debe ajustarse a la sinceridad de los hechos al examinar los testigos, al redactar afidávits u otros documentos, y al presentar causas. El destruir evidencia documental o facilitar la desaparición de evidencia testifical en un caso es también altamente reprochable.

En virtud del precepto citado, "el abogado que provee al tribunal información falsa o que no se ajuste a la verdad, o que oculte información que deba ser revelada, incumple con este canon". In re Nieves Nieves, supra, pág. 41 (2011). Véase además, In re Pons Fontana, 182 D.P.R. 300 (2011).

> Como se deduce del primer párrafo del Canon 35, supra, la conducta de sinceridad y honradez que debe desplegar todo abogado en su desempeño se exige en todo momento y ante todos. En otras palabras, estas normas mínimas se exigen frente a todos: clientes, compañeros abogados y tribunales. Todo el entramado de nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante los foros judiciales.
>
> Íd., pág. 42. Véase, además, In re Irrizary Vega, 176 D.P.R. 241 (2009).

El 29 de septiembre de 2009 la licenciada Valentín Custodio presentó un escrito en que certificó haber

"presentado nuestra renuncia a la representación legal de la Sra. Iris Santoni en los casos que están pendientes en CAS[P] objeto de esta Queja". Moción en cumplimiento de orden de 23 de septiembre de 2009, pág. 1. No obstante, el Comisionado Dávila Vélez concluyó como cuestión de hecho que esas mociones de renuncia no se encuentran en los expedientes de los casos aludidos.

Luego de estudiar la evidencia presentada, concluimos que la licenciada Valentín Custodio no violó el Canon 35, supra. Se estableció por la prueba que la querellada depositó en el correo las dos mociones de renuncia. Así, no podemos indicar que la querellada no fue sincera ni honrada. Aunque técnicamente la moción de renuncia nunca se presentó, sí se depositó en el correo. En vez de una conducta deshonesta, se trata de una conducta descuidada. Repetimos a la profesión legal que

> [a]unque no existe una regla plasmada en nuestro Derecho positivo que regule la forma de presentar una moción de renuncia profesional en un caso, por su envergadura se recomienda enfáticamente que el abogado presente la moción personalmente o por conducto de un mensajero, o a lo sumo, por correo certificado.

In re Amill Acosta, supra, pág. 943.

Más bien consideramos que la conducta de la licenciada Valentín Custodio pareció quebrantar el Canon 20 de Ética Profesional, 4 L.P.R.A. Ap. IX, que regula cómo un abogado debe tramitar su renuncia. Sin embargo, como el Procurador General no formuló un cargo por ese Canon, no nos pronunciaremos al respecto. In re Ruffalo,

390 U.S. 544 (1968); In re Pérez Riveiro, 180 D.P.R. 193 (2010); In re Ríos Ríos, 175 D.P.R. 57, (2008).

V

Por último, debemos resolver cual sanción debemos imponer a la querellada. Para poder realizar esa encomienda, es necesario considerar el historial previo de la abogada; si esta goza de buena reputación; la aceptación de la falta y su arrepentimiento sincero; si fue realizada con ánimo de lucro; y cualquier otro factor pertinente a los hechos del caso. In re Vázquez Pardo, Op. de 27 de junio de 2012, 2012 T.S.P.R. 113, 2012 J.T.S. 126, 185 D.P.R. __ (2012); In re Plaud González, 181 D.P.R. 874 (2011).

Recientemente, en In re Pietri Castellón, supra, disciplinamos a un abogado con **una censura enérgica** por quebrantar los Cánones 6, 12, 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Fundamentamos nuestro dictamen en que el licenciado Pietri Castellón no actuó diligentemente en el trámite de unos casos administrativos, incumplió con órdenes de la Junta de Personal de la Rama Judicial y no mantuvo informada directamente a su clienta, lo cual culminó en la desestimación con perjuicio de dos querellas y la imposibilidad de solicitar revisión judicial en las restantes.

En este caso, se encuentran presentes unos atenuantes que conviene señalar. En primera instancia,

esta es la primera falta de la licenciada Valentín Custodio en su carrera jurídica. Ya en el pasado hemos reconocido que esto constituye un atenuante a tomarse en consideración. Véase, In re Amill Acosta, supra, págs. 944-945; In re Rodríguez Feliciano, 165 D.P.R. 565, 582 (2005). Tampoco hubo ánimo de lucro en su actuación y la licenciada devolvió los honorarios cobrados a la clienta. Por último, los dos casos están activos y tramitándose ante la CASP. La clienta no ha perdido su causa.

Considerado todo lo anterior, **censuramos enérgicamente** a la licenciada Valentín Custodio y le apercibimos que si incurre nuevamente en conducta contraria a los Cánones del Código de Ética Profesional que rigen la profesión de la abogacía será sancionada rigurosamente.

Notifíquese personalmente esta Opinión *Per Curiam* a la Lcda. Wanda Valentín Custodio por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wanda Valentín Custodio          CP-2010-17

SENTENCIA

En San Juan, Puerto Rico, a 11 de diciembre de 2012.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, **censuramos enérgicamente** a la licenciada Valentín Custodio y le apercibimos que si incurre nuevamente en conducta contraria a los Cánones del Código de Ética Profesional que rigen la profesión de la abogacía será sancionada rigurosamente.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo